Ray K. Shahani (SBN 160814)
Attorney at Law
Oyster Point Marina Plaza
400 Oyster Point Blvd., Suite 518
South San Francisco, CA 94080
Telephone:   (650) 348-1444
Facsimile:    (650) 348-8655
Email: rks@attycubed.com

Attorney for Plaintiff NWC NATURALS, INC.

VENABLE LLP
Lee S. Brenner (SBN 180235)
Ken D. Kronstadt (SBN 259996)
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901
Email: lsbrenner@Venable.com
Email: kdkronstadt@Venable.com

Attorneys for Defendant RHG &
COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| NWC NATURALS, INC., a California corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>RHG & COMPANY, INC., a Connecticut corporation dba VITAL NUTRIENTS, and DOES 1-10,<br><br>           Defendants. | Case No. 8:19-cv-01362 JVS (JDEx)<br><br>Hon. James V. Selna<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:   October 28, 2019<br>Time:   10:30 a.m.<br>Place:   Courtroom 10C<br><br>Action Filed:  July 11, 2019<br>Trial Date:    None set |

/ / /

/ / /

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a telephone conference was held on September 3, 2019 among Ray K. Shahani, counsel for Plaintiff NWC Naturals, Inc. (hereafter "NWC" or "Plaintiff") and Andy I. Corea, Lee S. Brenner and Terence J. Brunau, all counsel for Defendant RHG & COMPANY, INC. d/b/a VITAL NUTRIENTS (hereafter the "Vital Nutrients" or "Defendant").  The appearing parties, Plaintiff and Defendant, by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report.

**A.      STATEMENT OF CLAIMS AND DEFENSES**

**1.      Plaintiff's Statement**

Plaintiff NWC is a California corporation. Since and around 1995 or earlier, NWC and its predecessor has been engaged in the business of manufacturing, distributing, marketing and selling a range of nutritional supplements. Since around August 6, 2002, NWC has been distributing, marketing and selling a range of probiotics based PRO-BIOTICS PLUS branded nutritional supplements through its websites nwcnaturals.com, probioticsplus12.com and other retail and wholesale channels. NWC's PRO BIOTICS PLUS trademark is inherently distinctive and has acquired distinctiveness through continuous and widespread use of the Registered Trademark in the U.S. and worldwide. NWC has never authorized use of its PRO BIOTICS PLUS registered trademark by the Defendant.

NWC is the sole owner of incontestable U.S. Trademark Registration No. 2,767,607 registered September 23, 2003 for the mark "PRO-BIOTICS PLUS" in Class 5 (hereafter the "Registered Mark"). The Registered Mark is valid and subsisting and now incontestable in accordance with the provisions of the Trademark Act, 15 U.S.C. § 1115(b).

/ / /

47735254-v4

1    Defendant Vital Nutrients are also the owners of at least 11 different
2  registered trademarks, including such seemingly descriptive and/or generic terms as
3  "VITAL", VITAL NUTRIENTS", "TENSION EASE", "BECAUSE GOOD
4  HEALTH IS VITAL", "ULTRA BRAIN", "MINIMAL AND ESSENTIAL",
5  VITAL PURE" and "VITAL CLEAR". However, while it is clear that Vital
6  Nutrients also use other registered trademarks that are owned by third parties
7  including "PRO VEG", "PRO WHEY", IMMUNE SUPPORT", "LIVER
8  SUPPORT" and "PMS SUPPORT", it is unclear whether or not Defendant uses
9  these registered trademarks belonging to third parties with our without permission.
10    In around April of 2019, NWC became aware that Vital Nutrients was
11  displaying, marketing and offering for sale and selling its Vital Nutrients "Probiotic
12  18 Plus" branded product through Vital Nutrients' website and other marketing and
13  sales channels. On April 5, 2019, NWC sent a written cease and desist letter to Vital
14  Nutrients.
15    By letter to Plaintiff dated June 12, 2019, Vital Nutrients confirmed receipt of
16  the cease and desist letter of April 5, 2019 but stated that the Defendant would not
17  comply with the request to cease and desist use of the infringing mark and in fact
18  would intentionally continue use of the infringing mark.
19    As recently as June 20, 2019, Vital Nutrients fulfilled and shipped an order of
20  infringing product to California. As recently as September 6, 2019, the infringing
21  product is being marketed online by not just the Defendant but also at least 4 of the
22  Defendant's retailers and distributors. Despite knowledge of NWC's registered
23  mark, Vital Nutrients willfully uses the infringing mark, and continues to display
24  and offer for sale unauthorized infringing products through Vital Nutrients' website,
25  social media and other channels of product distribution.
26  ///
27  ///
28

## 2.   Defendant's Statement

This case concerns NWC's assertion of the common industry term – PRO-BIOTICS PLUS – as a trademark, by NWC, a serial trademark plaintiff.  Vital Nutrients has not yet filed an Answer to the Complaint; however, it denies that it has engaged in the wrongful acts alleged by NWC, or that NWC is entitled to any of the relief it has requested.

Vital Nutrients denies each of the four claims asserted against it.  With regard to the First and Second Causes of Action, claims for trademark infringement under 15 U.S.C. § 1065 and 15 U.S.C. §1125, respectively, NWC's claim fail because (1) the mark is generic and (2) Vital Nutrients' use of the words "probiotic" and "plus" is descriptive and fair as a matter of law.

Likewise, NWC's claim for unfair competition pursuant to California Business and Professions Code § 17200 et seq. fails for the same reasons, given that the Third Cause of Action is based on the same allegations as the foregoing trademark infringement counts.  Moreover, NWC fails to plausibly allege that Vital Nutrients engaged in any unfair conduct.

NWC's Fourth Cause of Action, which asserts a claim for trademark dilution under 15 U.S.C. § 1125(c)(2), must fail given that NWC cannot sufficiently plead facts stating a plausible allegation of fame.  Indeed, the complaint in this case fails to plausibly allege that Vital Nutrients has infringed or diluted the asserted trademark.  The wording Probiotic Plus is a common industry designation for probiotic supplements that include an additional element.  The rampant third-party usage of the term demonstrates that the mark is sufficiently common, generic, and without significance as a trademark.

Vital Nutrients has a deadline of October 15, 2019 to respond to the complaint and reserves the right to file a Motion to Dismiss under Rule 12(b)(6) and/or file counterclaims seeking cancellation of the asserted trademark registration,

along with all applicable affirmative defenses.

**B.  LEGAL ISSUES**

    **1.  Plaintiff's Statement**

- Whether Defendant has infringed on NWC's registered trademark.
- Whether said infringement by Defendant was willful.
- Whether Defendant's conduct in California amounts to unfair business practice.
- Whether Defendant's conduct in California amounts to dilution of trademark.

    **2.  Defendant's Statement**

- Whether NWC's registration of PRO-BIOTICS PLUS is valid and subsisting.
- Whether PRO-BIOTICS PLUS is famous within the meaning of the Lanham Act.
- Whether the PRO-BIOTICS PLUS is distinctive, inherently or otherwise.
- Whether Vital Nutrients has infringed PRO-BIOTICS PLUS.
- Whether the extensive use of the Probiotics and Plus on nutritional supplements renders the wording generic or merely informational and incapable of identifying the source of goods.
- Whether there has been any confusion (likely or actual) between NWC's PRO-BIOTICS PLUS and Vital Nutrients' use of Probiotics 18 Plus on its products.
- Whether NWC and Vital Nutrients sell in the same market, and whether NWC can prove any of the other essential elements of its federal claims.

47735254-v4

- Whether there has been any trademark dilution, and if so, on what grounds and in what amount.
- Whether and when Vital Nutrients had notice of NWC's asserted rights.
- Whether Vital Nutrients use of the Probiotics 18 Plus mark was innocent, and done without knowledge of NWC's asserted rights.
- Whether NWC is entitled to any damages in this action, and if so, in connection with what claims and in what amount.
- Whether Vital Nutrients has violated any state law, including any claim for violating the California Business and Professions Code.
- Whether NWC is entitled to any relief under state law, and if so, in what form and amount.
- Whether Vital Nutrients' use of the designation Probiotics 18 Plus constitutes use of a trademark within the meaning of the Lanham Act.
- Whether NWC's use of the designation Probiotics 18 Plus constitutes descriptive fair use within the meaning of the Lanham Act.

C.     **DAMAGES**

    1.     **Plaintiff's Statement (realistic range of provable damages)**

To date, Defendant has refused to provide Plaintiff with any representation regarding past sales of infringing product. In addition, Defendant and their agents are still marketing infringing product. This makes evaluation of provable damages difficult prior to discovery. Nevertheless, Plaintiff provides the following estimate of range of provable damages:

/ / /

/ / /

47735254-v4

| Category of Damages | Amount |
|---|---|
| **Defendant's Profits** | |
| 1.   Defendant's Sales (2017-2019) | $50,000-100,000 |
| 2.   Defendant's Sales (2019-?) | $50,000-100,000 |
| **Plaintiff's Damages** | |
| 1.   Loss of Reputation | $50,000 |
| 2.   Mitigation of Customer Confusion | $50,000 |
| **Damages for Intentional Infringement/Counterfeiting** | |
| 1.   Intentional Infringement (treble damages, § 1117(b)) | $150,000 |
| 2.   Reasonable Attorney's Fees (through trial) | $15,000-100,000 |
| **Costs** | |
| 1.   Costs (filing fee, travel, depositions through trial) | $1000-15,000 |

## 2.   Defendant's Statement

Vital Nutrients denies that NWC is entitled to any award of damages in this action.  NWC has failed to plead any facts supporting its damages claim.

Moreover, given that NWC's claim as to Vital Nutrients' profits is conditioned on wilfulness, any potential damages award must be limited to Vital Nutrients' sales after notice of the alleged infringement.

The nature of NWC's asserted mark makes recovery of profits, treble damages, and attorneys' fees remote and speculative.

Without the benefit of discovery, Vital Nutrients cannot fully assess NWC's present "realistic range of provable damages."  Nevertheless, Vital Nutrients denies that NWC is entitled to any recovery of damages.  Vital Nutrients reserves the right to assert counterclaims seeking cancellation of the asserted trademark registration, along with all applicable affirmative defenses.

/ / /

47735254-v4

**D.   INSURANCE**

    **1.     Plaintiff's Statement**

Plaintiff is unaware of any insurance policy in the name of either Plaintiff or Defendant that would compensate Plaintiff for trademark infringement, intentional tort or unfair business practice.

    **2.     Defendant's Statement**

At this time, Vital Nutrients is not aware of any insurance policy that would cover this lawsuit or any portion thereof.  Vital Nutrients expressly reserves the right to supplement this disclosure section

**E.   MOTIONS**

    **1.     Plaintiff's Statement**

Plaintiff will consider filing a motion to amend the complaint to add facts and/or causes of action as discovery progresses.

Plaintiff will consider filing a motion to join additional parties as discovery progresses.

Plaintiff will consider filing a motion for summary judgment as discovery progresses.

    **2.     Defendants' Statement**

Vital Nutrients has a deadline of October 15, 2019, to respond to the complaint and plans to file a motion to dismiss under Rule 12(b)(6).  Counsel for the parties met and conferred pursuant to Local Rule 7-3 on September 3, 2019.  If any of NWC's claims survive Vital Nutrients' motion to dismiss, Vital Nutrients may file a dispositive or partially dispositive motion, assuming it is warranted after completion of fact and expert discovery.  Vital Nutrients also reserves the right to file other motions as necessary during the discovery and trial phases of this case.

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

47735254-v4

# F.     DISCOVERY AND EXPERTS

1.      **Rule 26(f)(1): What changes should be made in the disclosures under Rule 26(a).**

The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26.  To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court of any need to compel further disclosures.

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), initial disclosures were due on September 9, 2019.  Vital Nutrients served its initial disclosures on NWC on September 9.  Vital Nutrients received NWC's initial disclosures on October 1, 2019.

2.      **Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited.**

a.      **Plaintiff's Position**

The subjects on which discovery may be needed are as follows:

- All facts supporting or disputing Plaintiff's claims in the Complaint;
- All facts related to Defendants' trademark and IP internal legal, procurement and enforcement practices, policies and procedures,
- All facts related to Defendants' adoption, selection and use of Plaintiff's registered trademark.
- All facts related to Defendants' adoption, selection and use of third-parties' registered trademarks or other IP without authorization.
- All facts related to Defendants' past legal advice, legal claims, litigation and business disputes including claims and defenses with any

/ / /

9

third parties related to procurement, enforcement or use of trademark rights.

- All facts supporting or disputing Defendant's defenses in their Answer to the Complaint;
- Plaintiff's damages and Defendants' profits from the use of Plaintiff's registered trademark;
- Plaintiff's damages and Defendants' profits from unfair competition; and
- Plaintiff's damages and Defendants' profits from trademark dilution.

There is no need to conduct discovery in phases or otherwise limit discovery at this time.

### b. Defendant's Position

- All facts supporting or disputing Plaintiff's claims in the Complaint and defenses in the Answer to the Cross-Complaint;
- All facts supporting or disputing Defendant's defenses;
- Infringement of the asserted trademark;
- The validity of, and priority claims relating to the asserted trademark;
- The ownership of the asserted trademark;
- The conception, development, and design of the asserted trademark;
- Whether there is a likelihood of consumer confusion in connection with the Vital Nutrients' use of the Probiotic 18 Plus designation
- The use by third parties of the wording Probiotics and Plus on nutritional supplements;
- The manufacture, distribution, sale, and use of products bearing the asserted trademark;
- NWC's knowledge of use by third parties of product names and marks allegedly similar to the asserted trademark;

10

47735254-v4

- NWC's sales, revenues, profits and financial information concerning all of its products bearing the asserted trademarks;
- NWC's damages;
- The markets, trade channels and demographical information relating to prospective customers for the Parties' products at issue.
- NWC's prior litigations regarding the asserted trademark;
- The likelihood of confusion as to the source of goods bearing the designation PROBIOTICS 18 PLUS;
- Complaints from NWC's customers;
- The alleged fame of the asserted trademark;
- Prior settlements between NWC and third parties regarding the asserted mark; and
- Plaintiff's damages and Defendant's' profits from the alleged use of Probiotics 18 Plus.

Vital Nutrients estimates that it will require 5 depositions.

Vital Nutrients agrees that the discovery should not be conducted in phases nor be limited to or focused on particular issues.  The fact discovery cutoff date is selected so as to provide all parties sufficient time to conduct discovery on all of the issues raised in this lawsuit as it is anticipated that actual damages will not be able to be ascertained or calculated with certainty until discovery on sales of allegedly infringing product is complete.

**3.    Issues Regarding Disclosure, Discovery or Preservation of Electronically Stored Information**

The parties do not foresee any issues regarding the disclosure or discovery of electronically stored information, so long as there is a stipulated protective order governing the confidentiality of such discovery.  The parties are negotiating an ESI protocol for this case.

**4.     What discovery has been conducted so far**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), initial disclosures were due on September 9, 2019.  Vital Nutrients served its initial disclosures on NWC on September 9.  Vital Nutrients received NWC's initial disclosures on October 1, 2019.

**5.     Issues Regarding Claims of Privilege and Protection of Trial Preparation Materials**

The parties propose using the procedures set forth in Fed. R. Civ. P. 26(b)(5), regarding claims of privilege and the protection of materials asserted to be for trial preparation.  Moreover, the parties agreed that inadvertent discovery of privileged documents would not disrupt the attorney/client privilege, especially considering the disclosure and discovery of electronically stored information anticipated in this matter.

**6.     Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties request no change in the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's local rules.

**7.     Rule 26(f)(6): Any other orders that should be entered by the court.**

The parties will submit an Agreed Protective Order regarding discovery issues.

**G.     COMPLEXITY OF MATTER**

The parties take the position that this matter does not constitute complex litigation, and there is no need to utilize any portion of the Manual for Complex Litigation.

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

47735254-v4

**H.     DISPOSITIVE MOTIONS**

**1.      Plaintiff's Statement**

The issues of trademark validity, unauthorized use, trademark infringement and intentional infringement are issues that may be determined by motion for summary judgment.

**2.      Defendant's Statement**

Vital Nutrients' position is that setting a motion schedule is premature at this time.  Vital Nutrients has a deadline of October 15, 2019, to respond to the complaint and plans to file a motion to dismiss under Rule 12(b)(6).  If any of NWC's claims survive Vital Nutrients' motion to dismiss, Vital Nutrients may file a dispositive or partially dispositive motion, assuming it is warranted after completion of fact and expert discovery.

**I.     SETTLEMENT AND ADR**

The parties have engaged in substantial settlement discussions and exchanged multiple settlement offers.  An exchange of discovery including document production will be necessary to make further settlement discussion and/or ADR useful.

Plaintiff agrees to ADR PROCEDURE NO. 2:  "The parties shall appear before a neutral selected from the Court's Mediation Panel."

Defendant agrees to ADR PROCEDURE NO. 1:  "The parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct."

**J.     TRIAL ESTIMATE**

**1.      Plaintiff's Position**

Plaintiff estimates this case will require 4-5 days of trial and Plaintiff will call not more than 2-3 witnesses.

/ / /

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

47735254-v4

### 2. Defendant's Position

Vital Nutrients estimates that the parties will require 5-7 days of trial, and Vital Nutrients presently estimates calling 3-4 witnesses.

**K.     TIMETABLE**

The Presumptive Schedule of Pretrial dates form is attached hereto as Exhibit A.

**L.     OTHER ISSUES**

The parties are not presently aware of any other matters at this time that might present any barrier to the just, speedy, and inexpensive resolution of this matter.

**M.     CONFLICTS**

The parties are not presently aware of any conflicts.

**N.     MAGISTRATES**

### 1. Plaintiff's Position

Plaintiff consents to have any Magistrate Judge preside over any or all of the proceedings.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14

47735254-v4

1    **2.    Defendant's Position**

2        At this time, Vital Nutrients does not consent to having a Magistrate Judge

3    preside over the proceedings.

4

5        Respectfully submitted,

6

7    DATED:   October 2, 2019        LAW OFFICES OF RAY K. SHAHANI

8

9                                    By   /s/ Ray K. Shahani

10                                        Ray K. Shahani

11                                   Attorneys for Plaintiff NWC NATURALS

12   DATED:   October 2, 2019        VENABLE LLP

13

14

15                                   By   /s/ Lee S. Brenner

16                                        Lee S. Brenner
                                     Attorneys for Defendant RHG & CO. dba
17                                   VITAL NUTRIENTS

18

19

20

21

22

23

24

25

26

27

28
                                        15
47735254-v4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SIGNATURE CERTIFICATION**

I am the ECF User whose identification and password are being used to file the foregoing **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**.  In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories concur in this filing's content and have authorized the filing.

DATED:   October 2, 2019                    VENABLE LLP


By   /s/ Lee S. Brenner
                Lee S. Brenner
Attorneys for Defendant RHG & CO. dba
VITAL NUTRIENTS

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

47735254-v4